Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Johnny C. Jackson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Johnny C. Jackson | Case No: '12CV1365 IEG  WVG |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| CACH, LLC and Mandarich Law Group, LLP | |
| Defendants. | |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   Johnny C. Jackson, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC ("CACH") and Mandarich Law Group, LLP, ("Mandarich"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") .

9.   Because Defendants do business within the State of California, personal jurisdiction is established.

10.   Venue is proper pursuant to 28 U.S.C. § 1391.

11.   At all times relevant, Defendants conducted business within the State of California.

///

**PARTIES**

12. Plaintiff is a natural person who resides in the San Diego County, in the State of California.

13. CACH is located in the City of Denver, in the State of Colorado.

14. Mandarich is located in the City of Woodland Hills, in the State of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before January 13, 2012, Plaintiff is alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before February 13, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

20. Subsequently, but before February 13, 2012, the alleged debt was assigned, placed, or otherwise transferred, to CACH for collection.

21. Subsequently, CACH, a debt collector pursuant to the FDCPA, retained Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

22.   Pursuant to the instructions of CACH, Mandarich, in the name of CACH, then filed a state case against Plaintiff on January 12, 2012 based on the consumer account that was allegedly in default, Case No. 37-2012-00090663-CL-CL-CTL.

23.   The purpose of the filing of the state case was not to pursue legitimate litigation, but to cause the plaintiff financial hardship with the intent of coercing the plaintiff to pay the alleged debt or merely hoping for the Plaintiff's default.

24.   Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

25.   In the state court case, CACH and Mandarich brought causes of action for Breach of Contract, and Account Stated, both based on one alleged financial obligation between Plaintiff and CACH.

26.   These causes of action had no merit, or evidentiary support, and were brought for the sole purpose of coercing the plaintiff to pay this alleged disputed debt.

27.   In the complaint filed in state court, CACH and Mandarich stated that an "Account Stated" had previously been entered into between Plaintiff and CACH, LLC., when, in fact, this was not true.

28.   Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.   Consequently, Defendants violated 15 U.S.C. § 1692f(1).

29.   Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information

1    concerning a consumer.    Consequently, Defendants violated 15 U.S.C. §

2    1692e and 15 U.S.C. § 1692e(10).

3    30.   Through this conduct, Defendants engaged in conduct the natural

4    consequence of which was to harass, oppress, or abuse a person in connection

5    with the collection of a debt. Consequently, Defendants violated 15 U.S.C. §

6    1692d.

7    31.   In the complaint filed in state court, CACH and Mandarich stated that

8    Plaintiff had entered into an account stated "in writing" when, in fact, CACH

9    and Mandarich knew or should have known that this was untrue, and that no

10   such writing existed. This communication to Plaintiff was a false, deceptive,

11   and misleading statement related to collection of a debt.

12   32.   Through this conduct, Defendants used false representations or deceptive

13   means to collect or attempt to collect a debt or to obtain information

14   concerning a consumer.    Consequently, Defendants violated 15 U.S.C. §

15   1692e and 15 U.S.C. § 1692e(10).

16   33.   At no time did CACH or Mandarich  have any evidence of said "writing," and

17   this false, deceptive, and misleading statement was made only for the

18   purposes of coercing payment from a pro se consumer.

19   34.   At no time did Plaintiff enter into an account stated with anyone regarding

20   either of these accounts.

21   35.   In both of these actions, CACH and Mandarich used a false, deceptive, or

22   misleading representations or means in connection with the collection of a

23   debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because an

24   action under an account stated theory requires that parties forgo any previous

25   bona fide contract between the parties, and in return enter into a *new* contract

26   between them, which never happened in this matter, a fact that CACH and

27   Mandarich either knew or should have reasonably known.

28

HYDE & SWIGART
San Diego, California

36. Pursuant to Code of Civil Procedure sec 128.7(b)(3), Mandarich certified to Plaintiff and the court that CACH's allegations of account stated had evidentiary support, when in fact CACH and Mandarich did not possess any evidence of any account stated, which is a written contract.

37. Had Mandarich believed in good faith that such evidence existed and could have eventually be obtained, Mandarich could have stated such in CACH's Complaint, in order to comply with CCP 128.7(b)(3).   Instead, Mandarich chose to ignore CCP 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

38. Through this conduct, Mandarich and CACH used a false, deceptive, or misleading representation or means in connection with the collection of a debt.   Consequently, Mandarich and CACH violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

39. Through this conduct, Mandarich and CACH used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Mandarich and CACH violated 15 U.S.C. § 1692f.

40. As a result of Defendants' deceptive, unfair, and harassing actions, Plaintiff incurred necessary and reasonable attorneys fees and costs to defend the civil collection case in state court.

///
///
///
///
///
///
///
///

HYDE & SWIGART
San Diego, California

<div style="text-align: left; font-variant: small-caps;">Hyde & Swigart<br>San Diego, California</div>

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

41.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

44.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 03/02/2012

By: s/Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff