Nathaniel Clark (State Bar No. 276621)
Nathanielc@mandarichlaw.com
MANDARICH LAW GROUP, LLP
6301 Owensmouth Avenue – Suite 850
Woodland Hills, CA 91367
(818) 264-0108 Telephone
(818) 888-1260 Facsimile

*Attorneys for Defendants*
MANDARICH LAW GROUP, LLP
CACH, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. JACKSON, <br><br> Plaintiff, <br><br> vs. <br><br> CACH, LLC and MANDARICH LAW GROUP, LLP, <br><br> Defendants. | CASE NO. 3:12CV1365-IEG-WVG <br><br> **JOINT MOTION FOR TELEPHONIC ENE CONFERENCE WITH ATTORNEYS ONLY** <br><br> Magistrate Judge William V. Gallo <br> Date of Conference: 8/24/12 <br> Time: 9:00am <br> Courtroom: F |

## TO THE COURT, THE PARTIES, AND THE ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Plaintiff Johnnie Jackson ("Plaintiff") and Defendants CACH, LLC and Mandarich Law Group, LLP (collectively, "Defendants"), through their respective counsel of record, hereby file this Joint Motion to allow the Early Neutral Evaluation ("ENE") scheduled for August 24, 2012 to be conducted telephonically, with attorneys only. Good cause for this

ANSWER TO COMPLAINT
3:12-CV-1365-IEG-WVG

request is set forth below. If this Court denies this request, then the parties alternatively request that they and their respective principals with settlement authority be allowed to appear telephonically at the ENE Conference:

## I. THERE IS GOOD CAUSE TO PERMIT A TELEPHONIC ATTORNEYS-ONLY ENE CONFERENCE

Under Southern District of California Local Rule 16.1(c)(1)(c): "Attendance may be excused only for good cause shown and by permission of the court." As shown below, Defendant and Plaintiff have good cause for excused attendance.

### A. Plaintiff's First Amended Complaint Alleges Claims That Are Ideally Suited for Attorneys' Only Settlement Discussions

Plaintiff's First Amended Complaint alleges causes of action for violations of the Fair Debt Collection Practices Act "FDCPA"), 15 U.S.C. 1692 et seq. Claims under the FDCPA allow only for maximum statutory recovery of up to $1,000.00, compensatory damages and attorneys' fees and costs. Because the statutory damages are capped and this case has not yet been actively litigated beyond the pleadings, the potential recovery is relatively predictable for both parties. The remaining issues pertain to liability are particularly well-suited for attorney settlement discussions. Specifically, counsel for the parties are actively involved in several other cases based upon the same theory of liability under the FDCPA. In fact, counsel intends to file a notice of related cases as soon as possible in order to reassign the case to the same Judge. This action has already been taken in two other cases brought on the same theory. Based on the foregoing, counsel for both parties anticipates that an attorneys-only ENE will be as productive as if their principals were present.

///

///

**B. Actively Incurring Litigation Costs Greatly Frustrates the Potential Settlement of FDCPA Claims.**

Because reasonable attorneys' fees and costs are recoverable under the FDCPA, active litigation of these claims typically causes Plaintiff's settlement demand to increase while simultaneously decreasing the pool of available funds that defendants are willing to commit towards settlement. Both counsel believe that a telephonic attorneys only ENE will be productive in this case.

Further, the representatives of CACH are located in Colorado and have no local offices or representatives. Mandarich Law Group is based in Woodland Hills, CA and has not local office or representatives. Defendants' representatives would have to set at least two days aside and cancel other important company business and engagements in order to attend the ENE. Representatives of CACH must also purchase flights to and from California, a hotel room and incur additional expenses associated with travel. Defendants and Plaintiff's counsel will be available to attend the conference telephonically and to meaningfully participate in the conference, if necessary. Therefore, the parties respectfully request that the Court allow the ENE conference to be conducted telephonically with the participation of attorneys only.

///

///

ANSWER TO COMPLAINT
3:12-CV-1365-IEG-WVG

## II.   IN THE ALTERNATIVE, THERE IS GOOD CAUSE TO ALLOW THE PARTIES AND THEIR REPRESENTATIVES WITH AUTHORITY TO SETTLE TO BE EXCUSED FROM ATTENDANCE.

In the event this Court does not grant the request of the parties to allow the ENE to be conducted telephonically with attorneys only, then the parties request that the parties and their principals with authority to settle this matter be allowed to appear telephonically at the ENE. The cost of appearance for settlement will only serve to deter the parties from coming to an amicable resolution.

MANDARICH LAW GROUP, LLP

BY:   /s/ Nathaniel Clark

Attorney for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2012, a true and accurate copy of the foregoing JOINT MOTION OF PLAINTIFF AND DEFENDANT TO REQUEST A TELEPHONIC ATTORNEYS ONLY ENE FOR GOOD CAUSE with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

josh@westcoastlitigation.com


/s/ Nathaniel Clark
Nathaniel Clark
*Attorneys for Defendant*
CACH, LLC and MANDARICH
LAW GROUP, LLP

4