UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY C. JACKSON,<br><br>Plaintiff,<br>v.<br><br>CACH, LLC, and MANDARICH LAW GROUP, LLP<br><br>Defendants. | ) | Case No.: 12cv1365 AJB (DHB)<br><br>ORDER:<br>1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 17); and<br><br>2) DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS (Doc. No. 25) |

On June 6, 2012, Plaintiff Johnny C. Jackson ("Plaintiff") filed suit against Defendants CACH, LLC ("CACH") and Mandarich Law Group, LLP ("Mandarich") (collectively, "Defendants"), alleging various violations of the federal Fair Debt Collection Practices Collection Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Presently before the Court are Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), [Doc. No. 17], and Defendants' motion for sanctions under Rule 11, [Doc. No.25].[1] On October 10, 2012, Plaintiff filed an opposition to Defendants' motion under Rule 12(c), [Doc. No. 27], and on October 12, 2012 Defendants filed a reply, [Doc. No. 29]. On October 23, 2012, Plaintiff filed an opposition to Defendants' motion under Rule 11. [Doc. No. 32.] In

---

[1] Defendants have contemporaneously submitted a request for judicial notice as to the pleadings in the State Court Action. [Doc. No. 18.] Under Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of papers filed in state court and of state court orders. *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010); *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Accordingly, the Court takes judicial notice of the summons and complaint in the State Court Action entitled *CACH, LLC v. Johnnie C. Jackson*, filed on January 6, 2012, Case No.: 37-2012-00090663-CL-CL-CTL.

accordance with Civil Local Rule 7.1.d.1, the Court finds both motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for December 21, 2012 regarding the Rule 12(c) motion is hereby vacated, and the motion hearing scheduled for December 7,2012 regarding the Rule 11 motion is hereby vacated. For the reasons set below, the Court **GRANTS** Defendants' motion for judgment on the pleadings and **DENIES** Defendants' motion for sanctions.

## BACKGROUND

This action arises out of Defendants attempt to collect a debt allegedly owed by Plaintiff.[2] Specifically, Plaintiff alleges that although he currently "takes no position as to the validity of this alleged debt," [Compl. at ¶ 19], he is obligated or allegedly obligated to pay such debt incurred sometime before February 13, 2012, [*Id.* at ¶ 17]. Furthermore, Plaintiff alleges that after incurring the debt, but sometime before February 13, 2012, Plaintiff allegedly fell behind in repaying the debt. [*Id.* at ¶ 19.] Subsequently, CACH, a debt collector as defined under the FDCPA, retained Mandarich, also a debt collector, to proceed with legal action against Plaintiff for the collection of his alleged debt. [*Id.* at ¶ 21.] On January 12, 2012, Mandarich, in the name of CACH, filed a state collection case against Plaintiff in San Diego Superior Court, Case No.: 37-2012-00090663-CL-CL-CTL ("State Court Action"), alleging causes of action for breach of written contract and account stated. [*Id.* at ¶¶ 22, 25.]

The gravamen of Plaintiff's claims in federal court concern the allegations made by CACH in the State Court Action. Therefore, because the Court takes judicial notice of the summons and the complaint filed in the State Court Action, as requested by the Defendants and unopposed by the Plaintiff, the allegations by CACH against Plaintiff are as follows. [Doc. No. 18, Ex. 1.] According to CACH, Bank of America, N.A. ("Bank of America") issued Plaintiff a credit card subject to the terms of the credit card application and the written terms and conditions sent with the card (the "Account").

---

[2] There are currently four cases before the Court involving the same Defendants, and the same Counsel for both parties. *Odish v. CACH, LLC*, 12-cv-1710; *Benedict v. CACH, LLC*, 12-cv-1072; *Jackson v. CACH, LLC*, 12-cv-1365, and *Culp v. CACH, LLC*, 12-cv-927. A case with similar facts and parties is currently on appeal after Judge Anello granted Defendants' motion for judgment on the pleadings without leave to amend. *See Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM. The *Hashimi* case was brought against CACH, LLC and not Mandarich. Furthermore, CACH was represented by different counsel than the four cases presently before this Court. On September 12, 2012, Plaintiff Benedict filed a Notice of Related Cases, (12-cv-1072, Doc. No. 28), relating all five cases. This notice of related cases came after this Court denied Plaintiff's *ex parte* motion to stay the remaining cases pending the appeal in the *Hashimi* case.

[Doc. No. 18, Ex. 1 ¶ 5.] Upon issue of the credit card, Plaintiff agreed to comply with the written terms and conditions governing the use of the card, including repaying Bank of America for any charges on the Account. [*Id.* at ¶ 7.] Plaintiff's compliance with the terms and conditions was reaffirmed each time Plaintiff used the credit card.

During the four years prior to the commencement of the State Court Action, Plaintiff failed, refused, and/or neglected to make payments to bank of America according to the conditions governing the Account. [*Id.* at ¶ 10.] The Account was then assigned for value by Bank of America to CACH, making CACH its current holder. [*Id.* at ¶ 6.] As of December 9, 2010, Plaintiff owed $3,741.68 on the Account, inclusive of interest. [ *Id.* at ¶ 11.] Although demand was made to pay this amount, and Bank of America and CACH have performed all promises, conditions, and agreements on their part, Plaintiff has currently failed to make payment on the delinquent account.[3] [*Id.* at ¶¶ 12, 13.] Based on these allegations, CACH sued Plaintiff for breach of written contract and account stated. [*Id.* at ¶¶ 16, 19.] This action is currently pending in San Diego Superior Court, and trial is scheduled for December 7, 2012.

Plaintiff filed the instant federal action on June 6, 2012, alleging multiple violations of the FDCPA, 15 U.S.C. § 1692. Primarily, Plaintiff alleges that the State Court Action was filed not to pursue legitimate litigation, but to "harass, oppress, or abuse" Plaintiff in connection with the collection of his alleged debt. [Compl. ¶ 23, 24.] Defendants move for judgment on the pleadings pursuant to Rule 12(c), [Doc. No. 17], and sanctions under Rule 11, alleging Plaintiff has filed and pursued the instant action even though he is aware it has no merit, [Doc. No. 25].

## LEGAL STANDARD

### ***I. Judgment on the Pleadings Under Rule 12(c)***

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A motion for judgment on the pleadings must be evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th

[3] The terms and conditions of the Account require the Plaintiff to reimburse Bank of America, and therefore CACH, for the costs and expenses, including reasonable attorneys' fees, related to the collection of amounts owed on the Account. [*Id.* at ¶ 14.]

Cir. 1997). Thus, the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173. L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) applies to a motion for judgment on the pleadings. *Lowden v. T-Mobile USA, Inc.*, 378 Fed.Appx. 693, 692 (9th Cir. 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 544, 127 S.Ct. 1955)). When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesigner, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

***II. Sanctions Under Rule 11***

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994). Complaints filed in the face of previous dismissals involving the same legal issues or the same parties warrant sanctions under Rule 11. *See Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987); *Warren*, 29 F.3d at 1390. When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Id*. at 1389. A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head"). Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained "frivolous" legal arguments. Where such a violation is found, Rule 11 authorizes sanctions against persons-attorneys, law firms, or parties-responsible. *See Pavelic & LeFlore v. Marvel Entm't Gp.*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); Fed.R.Civ.P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

Where such sanctions are sought by motion, Rule 11 contains a "safe harbor" provision stating that a motion for sanctions may not be filed until 21 days after it is served. *See* Fed. R. Civ. Pro. 11(c)(1)(A). This "safe harbor" gives the party subject to the Rule 11 motion 21 days to withdraw the offending pleading and thereby escape sanctions. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998). The 21-day "safe harbor" period is an absolute prerequisite (unless some other period is established by a court) to a motion for sanctions brought by any party. This provision does not apply to bar court-initiated sanction proceedings; however, the court must issue an order to show cause and there are restrictions on the court's *sua sponte* sanctions authority. *See id.*

**DISCUSSION**

***I. Motion for Judgment on the Pleadings***

The federal FDCPA was created to protect consumers from unfair and deceptive debt collection practices. *See* 15 U.S.C. § 1692.[4] Specially, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *See* 15 U.S.C. § 1692d. This is consistent with the more general provision that collectors may not use any false representation or deceptive means to collect a debt, 15 U.S.C. § 1692e(10), or unfair or unconscionable means to collect or attempt to collect any debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §§ 1692f, 1692f(1).

In the present case, Plaintiff contends Defendants violated Sections 1692d, 1692f, 1692f(1), 1692e, and 1692e(10) of the FDCPA by commencing a debt collection proceeding in state court that has no legal grounds, using false and deceptive means to try to collect a debt that was not owed by the Plaintiff, and engaging in behavior meant only to cause financial hardship to Plaintiff. [Compl. ¶¶ 23-24, 26, 29.] In response, Defendants argue Plaintiff's claims should be dismissed because: (1) Plaintiff's Complaint represents unsupported conclusions as to the merits of the State Court Action; (2) Plaintiff misquotes the language of the complaint in the State Court Action; (3) the present action is not ripe for

---

[4] In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer;" (2) the defendant must be a "debt collector;" and (3) the defendant must have committed some act or omission in violation of the FDCPA. *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d. 1051, 1057 (C.D. Cal. 2009). The only element at issue in the present case is whether the Defendants committed some act or omission in violation of the FDCPA.

adjudication as the State Court Action is still pending; (4) Plaintiff cannot simultaneously allege a violation of the FDCPA while not alleging that he does not owe the debt; and (5) legal theories advanced by law firms on behalf of their clients are not actionable under the FDCPA. [Doc. No. 17, 7-8.] Upon review of the parties' moving papers, and documents included in support thereof, the Court finds Plaintiff's allegations are conclusory and fail to sufficiently allege a claim under the FDCPA.

***A. Allegations under Section 1692e and e(10)***

Plaintiff contends Defendants violated Sections 1692e and 1692e(10) of the FDCPA because the complaint in the State Court Action alleged that Plaintiff had entered into an account stated "in writing" when Defendants knew, or should have known that this was untrue. [Compl. ¶¶ 31, 33.] Plaintiff maintains that an "account stated" cause of action requires that the parties "enter into a new contract," and because a new contract never existed, a fact that Defendants "either knew or should have reasonably known," Defendants had no basis to file a collection proceeding in state court. [*Id.* at ¶ 35.] Conversely, Defendants claim Plaintiff has a misunderstanding of an account stated cause of action; and neverthe-less, misquotes the state court complaint because Defendants never allege that Plaintiff entered into an account stated "in writing." [Doc. No. 17, 13:11-14.] The Court is inclined to agree.

As a preliminary matter, even though Plaintiff's allegations are accepted as true for the purposes of the instant Rule 12(c) motion, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.[5] *See Mullis v. United States Bankr. Ct.*, 828F.2d 1385, 1388 (9th Cir. 1987). Nor is the Court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Moreover, a district court may properly consider extrinsic evidence whose contents are alleged in the complaint or involve matters subject to judicial notice. *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and brackets omitted); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986)

---

[5] Plaintiff alleges that although a court can take judicial notice of court records, it may not automatically take judicial notice of the truth of the contents of the documents. [Doc. No. 27, 3:11-28.]

("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.").

Accordingly, because the complaint in the State Court Action was referenced in Plaintiff's Complaint, [Compl. ¶ 22], and the Court granted Defendants' unopposed request for judicial notice, the facts as alleged in the state court complaint will be considered in ruling on the instant motion. In doing so however, the Court is not ruling on the veracity of the facts as alleged in the State Court Action. Rather, the Court is only considering the facts in the State Court Action to determine whether the underlying allegations support Plaintiff's instant federal cause of action under the FDCPA.

An account stated is "a writing which exhibits the state of account between parties and the balance owing from one to the other, and when it assented to… becomes the new contract." *See Gardner v. Watson*, 170 cal. 570, 574 (1915). An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.,* 271 Cal. App. 3d 597, 600 (1969). "When a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered." *Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987). Numerous federal courts throughout California have rejected "the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated." *Shubin v. Midland Credit Mgmt., Inc*., 2008 WL 5042849, *5 (C.D. Cal. 2008) (granting summary judgment in favor of defendant on FDCPA claim based upon complaint seeking to recover unpaid credit card debt asserting account stated claim); *see also, Greenberg v. Hunt & Henriques*, 2011 U.S. Dist. LEXIS 116992, *9 n. 2 (C.D. Cal. 2011) (noting that the Court's independent research did not find any support for the proposition that common counts cannot form the basis of a lawsuit to recover an unpaid credit card account).

Here, Plaintiff's misunderstanding of the account stated cause of action ultimately necessitates dismissal. The complaint in the State Court Action alleges that there were previous transactions between Bank of America and Plaintiff, whereby a relationship of debtor and creditor was established. When Plaintiff subsequently fell behind on payments, demand was made to Plaintiff on the outstanding

amount due. Plaintiff never contested the validity of the debt or the total amount owed. Thus, Plaintiff implicitly assented to the terms of the account stated by failing to respond in a reasonable time.[6] *See Maggio Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (Cal. App. 4th Dist. 1987); *See Crofts & Anderson v. Johnson*, 101 Cal.App.2d 418, 421 (1950) (finding that an account stated claim requires a statement sent to the debtor setting forth the amount owed, and the debtor either explicitly admitting the correctness of the claim or acquiescing to the amount by failing to object). Therefore, the Court finds the state court pleadings do not, as currently alleged, form a sufficient basis for Plaintiff's federal FDCPA cause of action.

Furthermore, to state a claim under the FDCPA, Plaintiff must show that Defendants' "state court complaint could have misled a hypothetical debtor." *Velazquez v. Arrow Fin. Servs. LLC,* 2009 U.S. Dist. LEXIS 77650, *6 (S.D. Cal. 2009). Courts in the Ninth Circuit apply a "least sophisticated debtor" standard to claims under Section 1692e. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996). A debt collector violates Section 1692e when its actions "are likely to deceive or mislead a hypothetical least sophisticated debtor." *Id.* (quotation omitted); *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 934 (9th Cir.2007); *Donohue v. Quick Collect, Inc*., 592 F.3d 1027, 1033 (9th Cir.2010) (finding that statements from debt collectors improperly classifying the payment due between principal and interest were not actionable material misleading statements).

Here, Plaintiff has not shown that Defendants' state court complaint could have misled such a hypothetical debtor. Plaintiff alleges that Defendants sought to collect a debt not actually owed, but fails to substantiate these allegations with something more than conclusory or evasive allegations that he "currently takes no position as to the validity of the alleged debt." [Compl. ¶ 20.] Furthermore, Plaintiff fails to indicate how a hypothetical debtor would be misled by the institution of an account stated claim based on a deficient account he never alleges is false. *Velazquez v. Arrow Fin. Servs. LLC,* 2009 U.S. Dist. LEXIS 77650, *6 (S.D. Cal. 2009) (granting dismissal where Plaintiff alleged that state

---

[6] Plaintiff never alleges that he continued to engage in a debtor-creditor relationship with Bank of America after his account became deficient. Thus, in line with cases cited to in his opposition, (Doc. No. 27, p.7:26-28 - 8:1-2), the demand for the amounts due and owing would be more than a "mere memorandum," and were intended to be a "final settlement up to date." *Ahlbin v. Crescent Commercial Corp*., 100 Cal. App. 2d 646, 648 (1950).

court complaint "sought to collect a debt not actually owed" and classifying allegation as conclusory allegation not entitled to assumption of truth.) This is further supported by the fact that Plaintiff does not explicitly contest any of the facts pled in the State Court Action. For example, Plaintiff does not allege that he did not receive a statement of account from Bank of America—the original creditor—or that he objected to that statement within a reasonable amount of time. Accordingly, Plaintiff has not alleged sufficient facts to set forth a plausible claim under either Section 1692e or 1692e(10).

***B. Allegations under Section 1692d***

Plaintiff's claim under 1692d must fail because it is premised on Defendants' commencement of the State Court Action, alleging that such action was filed with the primary purpose to harass, oppress, or abuse Plaintiff in connection with the alleged debt. [Compl. ¶ 24.] Although Plaintiff has gone to great lengths to educate the Court as to how Defendants have allegedly failed to plead a successful cause of action under accounts stated in the State Court Action, such a determination is unwarranted. Moreover, because the State Court Action is still pending, and trial is scheduled for December 7, 2012, the Court is not persuaded that the State Court Action was commenced to harass, oppress, or abuse Plaintiff. Accordingly, the Court finds Plaintiff has failed to allege sufficient facts to sustain a cause of action under Section 1692d.

***C. Allegations under Section 1692f and f(1)***

In a similar vein, Plaintiff's claims under Sections 1692f and 1692f(1) must also fail. Plaintiff alleges that Defendants were collecting an amount "when such amount was not expressly authorized by the agreement creating the debt or permitted by law," [Compl. ¶ 28], and Defendants used "unfair or "unconscionable" means to collect the debt, [*Id.* at ¶ 39]. However, in the state complaint, CACH alleges that the debt was created pursuant to the terms and conditions of the Account originally created between Plaintiff and Bank of America. [Doc No. 18, Ex. 1 ¶¶ 15, 16.] Under the terms and conditions of the Account, which Plaintiff reaffirmed every time he used the account, Plaintiff agreed to repay charges for any purchases of goods, services, cash advances, interest or late fees. Thus, because Plaintiff's allegations do not object or dispute the amount owed, or contest the existence of an Account between Plaintiff and Bank of America, Plaintiff cannot allege Defendants used unfair or unconsciona-

ble means to collect the debt. Accordingly, Plaintiff has not alleged sufficient facts to set forth a plausible claim under either Section 1692f or Section 1692f(1).

***II. Motion for Sanctions***

Defendants contend sanctions under Rule 11 are warranted because (1) the Complaint does not contain facts sufficient to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); and (2) Plaintiff's claims are premised on a meritless distortion of the account stated cause of action and, as such, are frivolous. Specifically, Defendants maintain that despite being put on notice of these deficiencies by Defense Counsel, (Doc. No. 25, Ex. 1), as well as Judge Anello's order in a similar action, *Hashimi v. CACH, LLC*, Case No. 3:12-cv-01010-MMA-BLM, Plaintiff's Counsel has continued to advocate the Complaint in violation of Rule 11.

Notwithstanding Defendants arguments, the Court finds sanctions unwarranted at this time.[7] Crucial to this determination is the fact that Plaintiff filed the instant Complaint on June 6, 2012, over two months before Judge Anello issued his order granting Defendants' motion for judgment on the pleadings without leave to amend on August 22, 2012. Furthermore, although Defendants' current motion for judgment on the pleadings was filed on August 30,2012, after Judge Anello's order, the *Hashimi* Case is currently on appeal. Finally, although this Court recently granted Defendants' motion for judgment on the pleadings in a similar case, *Culp v. CACH, LLC*, Case No. 3:12-cv-00927-AJB-DHB, and issued warnings to Plaintiff's Counsel with respect to future averments lacking specificity or a factual basis in any amended complaint, such warnings issued by the Court were case specific. Thus, this is not the case where a complaint has been filed "in the face of previous dismissals involving the exact same parties under the same legal theories." *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987). Accordingly, the Court **DENIES** Defendants' motion for sanctions as premature.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings with leave to amend and **DENIES** Defendants' Motion for Sanctions without prejudice.

---

[7] Defendants complied with the 21-day safe harbor provision under Federal Rule of Civil Procedure Rule 11(c)(2) by serving Plaintiff's Counsel by mail with a copy of the motion for sanctions. (Doc. No. 18, Ex. B.)

Plaintiff must file such amended complaint within thirty (30) days of and in accordance with this Order. Defendants will then have thirty (30) days from the filing of the amended complaint to answer or otherwise respond. If Plaintiff fails to amend within the time provided, the Court will enter a dismissal with prejudice of this action. In addition, if Plaintiff elects to file an amended complaint, and fails to cure the deficiencies noted in this Order, the Court will entertain a defense request for sanctions under 28 U.S.C. 1927.

IT IS SO ORDERED.

DATED: October 31, 2012

Hon. Anthony J. Battaglia
U.S. District Judge